UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:

MARK F. KELLY,                              Case No. 05-13455-WCH
    Debtor                                  Chapter 7

MEMORANDUM OF DECISION REGARDING OBJECTION TO
HOMESTEAD EXEMPTION

I. **Introduction**

The matter before the Court is the Chapter 7 Trustee's Objection to Debtor's Claim of Homestead Exemption in Motor Home and Mark F. Kelly's (the "Debtor") reply. The parties dispute whether the Debtor may claim a homestead exemption in a motor home under Mass. Gen. Laws ch. 188 § 1.[1] For the reasons set forth below, I will enter an order sustaining the objection.

II. **Background**

In his bankruptcy petition, the Debtor disclosed in Schedule A that he holds an interest in a trailer home (the "Trailer"). In Schedule C, he claimed a homestead in the Trailer under Mass.

---

[1]That statute provides
An estate of homestead to the extent of $500,000 in the land and buildings may be acquired pursuant to this chapter by an owner or owners of a home or one or all who rightfully possess the premise by lease or otherwise and who occupy or intend to occupy said home as a principal residence.

Mass. Gen. Laws ch. 188, § 1.

1

Gen. Laws ch. 188, § 1A which declaration he filed with the town clerk.[2] The Debtor claims the Trailer is worth $40,000 and is unencumbered. The Debtor was 55 years old when he filed for relief.

The Chapter 7 Trustee (the "Trustee") filed an objection on the grounds that the Debtor cannot claim an exemption under Mass. Gen. Laws ch. 188, § 1A as the homestead the Debtor filed was filed under § 1. He also argued that the Debtor is not entitled to an exemption under § 1A as he cannot meet the age or disability requirement and the trailer home is not a manufactured home.

The Debtor then moved to amend Schedule C to claim an exemption under Mass. Gen. Laws ch. 188, § 1 of Mass. Gen. Laws on the grounds that the insertion of the "A" was a typographical error. He also responded to the Trustee's objection by claiming that he was entitled to an exemption in the Trailer under § 1 because the language of that subsection refers to an exemption in a home. He also cited to Mass. Gen. Laws ch. 188, § 2[3] for the proposition that

---

[2] That statute provides:
The real property or manufactured home of persons sixty-two years of age or older, regardless of marital status, or of a disabled person, as herein defined, shall be protected against attachment, seizure or execution of judgment to the extent of $500,000; provided, however, that such person has filed an elderly or disabled person's declaration of homestead protection as provided in section two; and, provided further, that such person occupies or intends to occupy such real property or manufactured home as his principal residence.

Mass. Gen. Laws ch. 188, § 1A

[3] That section, entitled *Designation in conveyance; manufactured homes*, provides:
To acquire an estate of homestead in real property, the fact that it is designed to be held as such shall be set forth in the deed of conveyance by which the property is acquired; or, after the title has been acquired, such design may be declared by a writing duly signed, sealed and acknowledged and recorded in the registry of

a homestead may be claimed in a 'manufactured home' under §1 because § 2 does not contain a qualifier for its application.

Further, the Debtor offered that the Trailer has been his sole residence since 2002. It is located in a trailer park where it is connected to applicable utilities. The Debtor explained that he occupies the Trailer under a lease with the trailer park and because § 2 does not explain where a person occupying a premises by lease should record the homestead, the fact that he filed in the town clerk's office is sufficient. Such an interpretation, he argued, is consistent with the Supreme Judicial Court's mandate that this court must construe homestead statutes liberally. *See Shamban v. Masidlover*, 429 Mass. 50 (1999) and *In re Brizida*, 276 B.R. 316 (Bankr. D. Mass. 2002). The Debtor also argued that the Trailer would fall under the definition of manufactured home as it would be defined either under state law or federal law. The Debtor lastly argued that he is entitled to exempt the Trailer under 11 U.S.C. § 522(d)(1).

In the Trustee's response to the Debtor's reply, he countered that the statute provides for an exemption in land and buildings and cannot be extended to include a "home" or a manufactured home. With respect to § 2 of Mass. Gen. Laws ch. 188, the Trustee argued that the subsection describes the manner in which one would claim a homestead but does not provide for an expansion of the property in which one could claim a homestead. He explained that if the

---

deeds for the county or district in which the property is situated. To acquire a claim of homestead in a manufactured home, the fact that it is designed to be held as such shall be set forth in writing duly signed, sealed and acknowledged and filed at the city or town clerk's office in the city or town in which the manufactured home is located. The acquisition of a new estate or claim of homestead shall defeat and discharge any such previous estate.

Mass. Gen. Laws ch. 188, § 2.

3

legislature knew to amend § 1A to include manufactured homes, it intended that subsection § 1 not include such abodes. Moreover, argued the Trustee, the Debtor does not have a valid homestead under § 1 because he failed to file the homestead in the proper location. The Trustee asserted that the Trailer is not a manufactured home as that term would be defined and that the case to which the Debtor cited is inapplicable. *See In re Dipalma*, 24 B.R. 385 (Bankr. D. Mass. 1982). Lastly, the Trustee argued that the Debtor cannot claim a federal exemption when he has chosen state exemptions and that his references to other state rulings are inapplicable as they address the state law in those jurisdictions.

After holding a hearing, I gave the parties an opportunity to submit additional briefs and took the matter under advisement.

III. **Analysis**

The issue before the Court is whether the Debtor is entitled to a homestead exemption in the Trailer under Mass. Gen. Laws ch. 188, § 1. In considering this issue, I must predict how the Supreme Judicial Court would rule. *In re Garran*, 338 F.3d 1, 6 (1st Cir. 2003). That court has instructed that while the statute must be read liberally in favor of the Debtor, I must follow the plain language of the statute unless to do so would lead to an absurd result. *Shamban v. Masidlover*, 429 Mass. 50, 53-4, 705 N.E. 2d 1136, 1139 (1999).

The Debtor is correct that the subsection is clumsy in that it refers in one sentence to the "land and buildings", "home" and "premises". When parsed out, however, the references become clearer. That is, the subsection refers first to the amount of the homestead ($500,000) second to the object of the homestead (land and building), third to the allowed claimant (owner or owners or a home or one or all who rightfully possess the premises by lease or otherwise) and

4

lastly to the occupation requirement (occupies or intends to occupy as principal residence).

Judge Kenner issued a decision upon which the Debtor relies in support of his argument that the statute should cover a home and not simply land and buildings. *In re Carey*, 282 B.R. 118 (Bankr. D. Mass. 2002). In that decision, Judge Kenner concluded that a debtor's state homestead exemption protected his three-family home and not just the unit he occupied. In support, she relied upon an earlier decision of Judge Feeney. *See In re Brizida*, 276 B.R. 316 (Bankr. D. Mass. 2002). Judge Kenner then added to the *Brizida* holding by concluding that "the homestead statute extends the estate of homestead to the whole of the lands and buildings that constitute the owner's 'home,' limited only by the dollar value of the exemption. The statue sets forth no other express limitation, and does not define 'home.'" 282 B.R. at 119. The focus of her discussion, however, was that the homestead statute was not designed to protect only those portions of building that are consistently occupied for residential services. *Id.* at 119-20. Instead, she concluded, the homestead must protect both the areas that are used as a traditional home and those areas that are used for commercial or non-profit purposes. *Id.* The issue before Judges Kenner and Feeney is not the issue herein presented.

The use of the word "home" appears in reference to the type of claimant and does not refer to the object of the homestead. Even if I were to look at that word to determine the object, I could only use it as a qualifier as Judge Kenner did when referring to land and buildings that constitute a home. The term "land and buildings" is not defined in the statute. The Debtor, however, does not argue that the Trailer can constitute land or buildings.

The most persuasive argument that subsection 1 does not include a manufactured home, however, is the fact that subsection 1A <u>does</u> provide for such a homestead. The Massachusetts

5

legislature amended that statute in 1990 to include the ability of an elderly or disabled person to claim a homestead in a mobile home. 1990 Mass. Legis Serv. 492, St. 1990, c. 492, § 1. Indeed, the legislature referred to the amendment as an "Act extending homestead protection for elderly and disabled persons to mobile homes." *Id.* In 1991, they approved an act that substituted the term "manufactured home" for "mobile home" in several statutes including Mass. Gen. Laws ch. 188, § 1A. 1991 Mass. Legis Serv. 481, St. 1991, c. 481, § 23. They did not similarly amend § 1. The Supreme Judicial Court has repeatedly held that "[i]f the Legislature intentionally omits language from a statute, no court can supply it." *Doe v. Superintendent of Schools of Worcester*, 421 Mass. 117, 128, 653 N.E. 2d 1088, 1095 (1995). *See also, Hallett v. Contributory Retirement Appeal Board*, 431 Mass. 66, 69, 725 N.E. 2d 222, 225 (2000) ("Where 'the Legislature has carefully employed specific language in one paragraph of a statute . . . but not in others which treat the same topic . . . the language should not be implied where it is not present.'") (citing *First Nat'l Bank v. Judge Baker Guidance Ctr.*, 13 Mass. App. Ct. 144, 153, 431 N.E.2d 243 (1982)). Having twice amended § 1A to address the issue of manufactured home without making a corresponding amendment to § 1, I conclude that the omission was intentional and hold that the Supreme Judicial Court would rule that I am without authority to expand the phrases "land and buildings", "home", and "premises" to include manufactured home.

The Debtor's argument that subsection 2 of Mass. Gen. Laws § 188 is an alternative mechanism to expand the statute is likewise misplaced as that statute provides the mechanism for obtaining the homestead described in subsections 1 and 1A, and does not expand the object of the homestead. Further, the Debtor's reliance on *In re DiPalma* is unpersuasive. *In re Dipalma*, 24 B.R. 385 (Bankr. D. Mass. 1982). In that case, Judge Lawless discussed the ability to claim a

6

homestead in a mobile home under the federal exemption scheme provided for under the Bankruptcy Code. *Id.* at 389. He did not address claiming such an exemption under the applicable Massachusetts statutes. Whether the Debtor is entitled to claim an exemption in the Trailer under 11 U.S.C. § 522(d) is not before me as the Debtor has elected Massachusetts exemptions and nothing in the Bankruptcy Code serves to expand his claimed homestead exemption in the Trailer

I therefore conclude that the Debtor is not entitled to a homestead in the Trailer under subsection 1. Having reached that conclusion, I need not reach the issue of whether the Debtor filed his homestead in the proper location.

IV. **Conclusion**

For the reasons set forth herein, I will enter an order sustaining the Chapter 7 Trustee's Objection to Debtor's Claim of Homestead Exemption in Motor Home.

William C. Hillman
United States Bankruptcy Judge

Dated: November 28, 2005